IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------X
BROADRIDGE FINANCIAL SOLUTIONS, INC., :

                           Plaintiff,    :

                                              Civil Action No. 10-075-RGA

v.                                  :

INVESHARE, INC.,                :

                           Defendant.   :
------------------------------------X

**PROTECTIVE ORDER GOVERNING THE DISCLOSURE
AND USE OF CONFIDENTIAL INFORMATION AND DOCUMENTS**

Whereas certain information subject to discovery in this action may contain proprietary or confidential trade secret, technical, business, or financial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure (collectively, "Protected Information").

**IT IS HEREBY ORDERED** as follows:

1. <u>Proceedings and Information Governed</u>

This Order shall apply to all documents, information, testimony and other materials disclosed by and party or non-party (a "Producing Party") to any other party (a "Receiving Party") in connection with discovery proceedings in the above-captioned action (the "Action").

2. <u>Designation of Confidential Information</u>

A Producing Party may designate as "Confidential Information" all documents, information, testimony and materials that contain trade secrets or other non-public proprietary, business or commercially sensitive information by printing the legend "Confidential" conspicuously on each page so designated, or in the case of deposition testimony by making a statement on the record to that effect. Materials submitted on disk or other recording may be labeled "Confidential," and if the materials therein are separately used or printed, they must be

marked "Confidential" used in accordance with that marking. Native files may be designated by including "Confidential" in the file name(s) of the produced document(s). Confidential Information shall be used by any Receiving Party and its counsel solely in and only for purposes of the Action. This restriction expressly includes, but is not limited to, the use of any Confidential Information in connection with patent prosecution.

        3.        Designation of Highly Confidential Information

A Producing Party may designate certain Confidential Information as "Highly Confidential Information" by printing the legend "Highly Confidential" conspicuously on each page so designated, or in the case of deposition testimony by making a statement on the record to that effect. Materials submitted on disk or other recording may be labeled "Highly Confidential," and if the materials therein are separately used or printed, they must be marked "Highly Confidential" used in accordance with that marking. Native files may be designated by including "Highly Confidential" in the file name(s) of the produced document(s). A Producing Party may designate as Highly Confidential Information only (1) Confidential Information that contains trade secrets, the public disclosure of which may adversely affect the commercial, business or financial position of the Producing Party; or (2) business or strategic planning documents, financial documents, or other documents that the Producing Party believes in good faith to constitute information that generally is not known and that it would normally not reveal to third parties or would cause such third parties to maintain in confidence, and that the disclosure of which to a competitor could cause competitive harm to the Producing Party.

4.  Disclosure and Use of Confidential Information

Unless otherwise directed by a court of competent jurisdiction, Confidential Information designated in accordance with Paragraph 2 shall not be disclosed, described or otherwise made available, directly or indirectly, to any persons or entities other than:

    a.    the Court in the Action, persons employed by such Courts and any stenographer transcribing the testimony or argument at any hearing, trial, deposition or other formal proceeding in the Action;

    b.    outside counsel of record for the parties, including attorneys who are partners, associates, or of counsel, as well as any clerical, paralegal and secretarial staff employed by outside counsel;

    c.    officers, directors or employees of the Parties, to the extent deemed reasonably necessary by counsel for the prosecution or defense of the Action;

    d.    anticipated or actual non-party trial witnesses or deponents and their counsel, to the extent reasonably believed or expected to relate to their testimony, at or prior to their deposition or at trial or any hearing; provided, however, that (i) each such non-party witness or deponent and their counsel is informed of the existence of this Agreement before being shown or questioned about any Protected Information and agrees in a writing in the form of the Declaration and Agreement to Maintain Confidentiality;

    e.    any author or addressee of a document; and

    f.    employees of litigation service firms retained by any of the parties to prepare document databases, trial and hearing exhibits or demonstratives, and the like in this litigation;

     g.  outside document copying services and/or document coding or computerization services; or

     h.  consultants, professional advisors and experts retained by Counsel or the Parties to the extent necessary for such consultants, professional advisors or experts to assist Counsel, including, but not limited to, preparing an expert report or preparing for testimony; provided, however, that prior to providing Confidential Information or Highly Confidential Information to each such consultant, professional advisor or expert the receiving party shall provide to the producing party: a) a fully executed Declaration and Agreement to Maintain Confidentiality in the form attached hereto as Exhibit A; b) a curriculum vitae of the consultant, professional advisor or expert; c) identification of each of the person's employers, positions with such employers, and consulting clients over the preceding ten (10) years, and specifically identifying any engagements related to any party; and d) a list of the cases in which the consultant has testified at deposition, at a hearing, or at trial within the preceding five (5) years. The producing party will have ten (10) days from the receipt of the disclosure and related materials pursuant to this paragraph to object to the proposed consultant, professional advisor or expert. If the parties are unable to resolve the matter, no Confidential Information or Highly Confidential information may be disclosed to the proposed consultant, professional advisor or expert until the matter is resolved by the Court.

  Prior to receiving or reviewing any Protected information pursuant to Paragraphs 4(c), 4(d) or 4(h), a fully executed Declaration and Agreement to Maintain Confidentiality in the form attached hereto as Exhibit A must be executed by the recipient and provided to the Producing Party.

5. <u>Disclosure and Use of Highly Confidential Information</u>

Unless otherwise directed by a court of competent jurisdiction, Highly Confidential Information designated in accordance with Paragraph 3 shall not be disclosed, described or otherwise made available, directly or indirectly, to any persons or entities other than those persons identified in Sub-paragraphs 4(a)-(b) and 4(d)-(h) of this Order, unless otherwise agreed in writing by the Producing Party or as ordered by the Court. Highly Confidential Information shall be used by an Receiving Party and its counsel solely in and only for purposes of the Action. Prior to receiving or reviewing any Protected Information pursuant to Paragraph 5(b), a fully executed Declaration and Agreement to Maintain Confidentiality in the form attached hereto as Exhibit A must be executed by the recipient and provided to the Producing Party.

6. <u>Designation of Third-Party Documents</u>

Should a party believe that documents or other information produced by a third-party, through a subpoena or otherwise, constitutes Confidential Information or Highly Confidential Information, the party may designate such documents or other information as Confidential or Highly Confidential by notifying all parties hereto of said designations within fifteen (15) days of receipt of the subject documents or information. All documents and information produced by a third-party shall be treated as Highly Confidential Information until the sixteenth (16th) day after same have been produced to all parties to this Agreement.

7. <u>Designation of Depositions</u>

Confidential Information or Highly Confidential Information revealed at a deposition upon oral examination shall be designated by either: (i) specifying on the record at the deposition that a Party's or Third Party's Confidential Information or Highly Confidential Information is being revealed, or (ii) by giving written notice to the Parties of the transcript


pages and lines containing such Confidential Information or Highly Confidential Information within thirty (30) days of receiving the transcript of the deposition. All deposition testimony shall be treated as Highly Confidential Information until the 31st day after the Party whose "Confidential Information" was revealed receives the transcript. The use and disclosure of such designated portions shall be governed by the same rules that govern the use or disclosure of Confidential Information or Highly Confidential Information included in documents as described herein.

8.  Filing of Protected Information

Any Party submitting Confidential Information or Highly Confidential Information to the Court in the Action shall attempt to submit such Information under seal or in a manner sufficient to protect from public disclosure the contents of the materials so filed and/or submitted.

9.  Disclosure to Unauthorized Persons

If Protected Information is disclosed to any person who is not entitled to receive such information under this Order, the person responsible for the disclosure will promptly inform counsel for the Producing Party and use its best efforts to retrieve such material and to prevent further disclosure of it by the person who received such information.

10. Improper Use or Designation

If any Receiving Party (a) seeks to use Confidential Information or Highly Confidential Information, as the case may be, other than as permitted by this Agreement, or (b) contends that the Producing Party has improperly designated materials as Confidential Information or Highly Confidential Information, as the case may be, that Receiving Party shall so state by letter to the Producing Party sent via e-mail and first-class mail. If any issue arising therefrom cannot be resolved within ten (10) business days following the service of such letter by e-mail on counsel

for the Producing Party, the Receiving Party may move the Court in the Action to determine whether the material at issue should continue under this Agreement to be Confidential Information or Highly Confidential Information, as the case may be. In the determination of any such motion, the Producing Party shall bear the burden of establishing that the material at issue should continue to be Confidential Information or Highly Confidential Information, as the case may be. Until the Court rules on such motion, or in the absence of permission from the Producing Party or a waiver, the materials at issue shall continue to be deemed and treated under this Agreement as Confidential Information or Highly Confidential Information, as the case may be.

11.  Inadvertent Disclosure

The inadvertent or unintentional disclosure by a Producing Party of Protected Information without an appropriate designation shall not be deemed to be a waiver in whole or in part of that Producing Party's claim of confidentiality going forward, either as to the specific Protected Information inadvertently disclosed or as to any other document or information relating thereto or on the same or related subject matter. If a Party inadvertently produces or provides discovery of any Protected Information without labeling or marking it with the appropriate legend or properly designating it as provided herein, the Producing Party may give written notice to the Receiving Party that the document, thing, or other discovery information, response or testimony should be treated in accordance with the provisions of this Agreement. The receiving Party must treat such documents; things, information; responses and testimony as designated from the date such notice is received. Disclosure of such documents, things, information, responses and testimony prior to receipt of such notice to a person not authorized to received such hereunder shall not be deemed a violation of this Agreement, however, those

7

persons to whom disclosure was made are to be advised that the material must thereafter be treated in accordance with this Agreement.

12.     Inadvertent Disclosure of Privileged Documents

Inadvertent production of documents that are subject to the attorney-client privilege or work product doctrine shall not constitute a waiver by that Party of any claim that the documents are privileged or protected. Upon being notified in writing of the inadvertent production, the receiving Party, within five (5) business days of receiving the written notification, will return to the Producing Party the inadvertently produced documents or information, any documents reflecting, summarizing or otherwise derived from the inadvertently produced documents or information, and all copies thereof that may have been made, or certify to the Producing Party the destruction of such documents or information, any documents reflecting, summarizing or otherwise derived from the inadvertently produced documents or information, and all copies thereof. Return of the document(s) by the Receiving Party shall not constitute an admission or concession, or permit any inference, that the returned document or thing is, in fact, properly subject to a claim of attorney-client privilege or work product protection, nor shall it preclude any Party from moving the Court for an order that such document or thing has been improperly designated or should be producible for reasons other than waiver caused by the inadvertent disclosure. Within five (5) business days of the return or destruction of any such documents or information, the Producing Party shall provide a privilege log with entries for all returned documents and tangible items. Pursuant to Federal Rule of Evidence 502, the Parties' agreement that the production of inadvertently produced, privileged documents shall not constitute a waiver of any applicable privilege in this action and this Order incorporating the parties' agreement shall

apply in all other federal and state proceedings and bind persons who are not parties to the agreement.

13.  Compelled Disclosure

Nothing herein shall be construed so as to prohibit a Receiving Party from disclosing Protected Information in its possession in response to a lawful subpoena or compulsion of law, provided that the Receiving Party shall give prompt notice of such subpoena or request to the Producing Party as soon as possible and before disclosing any information or documents or otherwise responding. The Receiving Party shall not disclose any such information for a period of at least ten (10) business days after providing such notice to the Producing Party.

14.  Other Proceedings

By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

15.  Termination of Action

Within thirty (30) days after the final termination of the Action, whether by judgment, settlement or otherwise, each Receiving Party shall either return to the Producing Party all Protected Information (including copies and extracts) produced to that Receiving Party or shall provide a written certification to the Producing Party that all such materials (including copies and extracts) have been destroyed. Even after termination of the Action, the terms of this Agreement shall continue to be binding upon the Parties and all persons to whom Protected Information has

been disclosed, including Counsel. Notwithstanding the foregoing, Counsel may retain its work product and one copy of any pleadings filed in the Action.

16. Objections Preserved

Designating any documents or materials as Confidential Information or Highly Confidential Information pursuant hereto or complying with the terms of this Agreement shall not prejudice in any way the rights of any parties to object to the production of documents or information they consider in good faith to be not subject to discovery, whether on the basis of privilege or otherwise.

17. Additional Measures

Nothing contained herein shall prevent any Party from seeking further, greater or lesser protection with respect to the use or disclosure of any Protected Information in connection with any trial, hearing or other proceeding.

18. Disclosure by Producing Party

Nothing contained herein shall prevent any Party from disclosing or using its own Protected Information in any manner it chooses.

19. Admissibility

Nothing contained herein shall affect the admissibility or inadmissibility into evidence of any materials obtained during discovery, including Protected Information.

| | |
|---|---|
| GREENBERG TRAURIG, LLP | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
| */s/ Gregory E. Stuhlman* | */s/ Pilar G. Kramen* |
| Gregory E. Stuhlman (No. 4765)<br>1007 North Orange Street, Suite 1200<br>Wilmington, DE 19801<br>(302) 661-7381<br>stuhlmang@gtlaw.com | Adam W. Poff (No. 3990)<br>Pilar G. Kraman (No. 5199)<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE 19801<br>(302) 571-6600<br>apoff@ycst.com<br>pkraman@ycst.com |
| Michael A. Nicodema<br>Barry J. Schindler<br>Douglas R. Weider<br>GREENBERG TRAURIG, LLP<br>200 Park Avenue<br>Florham Park, NJ 07932<br>(973) 360-7932 | Denis J. Sullivan<br>Douglas J. Nash<br>HISCOCK & BARCLAY, LLP<br>One Park Place<br>300 South State Street<br>Syracuse, NY 13202<br>(315) 425-2700 |
| *Attorneys for Plaintiff Broadridge Financial Solutions, Inc.* | *Attorneys for Defendant INVeSHARE, Inc.* |
| Dated: May 7, 2012 | |

SO ORDERED this 8th day of May, 2012:

_____
United States District Judge

## EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------X
BROADRIDGE FINANCIAL SOLUTIONS, INC., :

                Plaintiff, :

                              Civil Action No. 10-075-RGA
   v. :

INVESHARE, INC. , :

                Defendant. :
------------------------------------X

## DECLARATION AND AGREEMENT TO MAINTAIN CONFIDENTIALITY

I, _____, have been asked by counsel for _____ [party/parties] in the above captioned matter to _____ [nature of work]. I have been informed that certain documents and information that I may be provided contain Protected Information belonging to _____ [Designating Party/Parties].

    1.    My present residential address is _____ _____. My present employer and the address of my present employer are _____. My present occupation or job description is _____.

    2.    I certify that I have read and understand the agreed Stipulated Protective Order in the case styled *Broadridge Financial Solutions, Inc. v. Inveshare, Inc.*, in the United States District Court for the District of Delaware, Civil Action No. 1:10-cv-00075-SD. I acknowledge that I am bound by the terms of the Order, and I will comply with those terms.

12

3. I understand that, by signing this Declaration and Agreement to Maintain Confidentiality, I agree that the U.S. District Court for the District of Delaware has jurisdiction over me for purposes of enforcing this Agreement.

4. I understand that the Protected Information disclosed to me is subject to various restrictions of use and disclosure, including the restriction that it is to be used solely in connection with this litigation, and not for any business or other purpose whatsoever.

5. I agree not to use or disclose any Protected Information disclosed to me pursuant to this Declaration and Agreement except as I am permitted by the Stipulated Protective Order.

6. I understand that I am to retain all Protected Information that is ever in my possession (including any materials based upon or derived in whole or in part from the contents of Protected Information) in a secure manner until the completion of my assigned duties in this matter, whereupon all such documents and/or materials, including all copies thereof, and any writing prepared by me containing any Protected Information are to be returned to counsel who provided me with such documents and materials or destroyed along with a certification of destruction.

Dated: _____     _____
                                    Signature

                                    _____
                                    Print Name

DEL 86,403,150v2 5-7-12